# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| WANDA STOKES McCLURE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-02788-JTF-egb |
| | ) | |
| MEMPHIS LIGHT GAS & WATER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013). On May 2, 2017, Judge Bryant issued a Report and Recommendation that Wanda Stokes McClure's ("Plaintiff") case should be dismissed for failure to comply with a Court Order. (ECF No. 21). To date, no objections have been filed.

After a *de novo* review, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation.

## LEGAL STANDARD

The district court has the authority to refer certain pre-trial matters to a magistrate judge for resolution. 28 U.S.C. § 636(b); *Callier v. Gray*, 167 F.3d 977, 980 (6th Cir. 1999). These referrals may include non-dispositive pretrial matters, such as a motion to compel or a motion for a protective order concerning discovery. 28 U.S.C. § 636(b)(1)(A). The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral.

Fed. R. Civ. P. 72. The referrals may also include dispositive matters such as a motion for summary judgment or a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(B). When a dispositive matter is referred, the magistrate judge's duty is to issue proposed findings of fact and recommendations for disposition, which the district court may adopt or not. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. If the magistrate judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, if the magistrate judge's order was issued in response to a dispositive motion, the district court should engage in *de novo* review of all portions of the order to which specific written objections have been made. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Baker v. Peterson*, 67 Fed. App'x. 308, 310, 2003 WL 21321184 *2 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non[-]dispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard.").

## ANALYSIS

Plaintiff filed her Complaint on September 30, 2016. (ECF No. 1). Plaintiff also filed an Amended Complaint on October 11, 2016. (ECF No. 6). On February 28, 2017, the Magistrate Judge noted that service pursuant to Fed. R. Civ. P. 4 had not been timely made. As a result, the Court ordered Plaintiff to effect service and file proof of service by April 14, 2017. (ECF No. 19). Due to Plaintiff's failure to comply with the Court's Order, Judge Bryant recommended dismissal of this action on May 2, 2017.

To date, Plaintiff has not satisfied the requirements of Fed. R. Civ. P. 4 or filed any objections to Judge Bryant's Report and Recommendation. Therefore, this Court ADOPTS the Magistrate Judge's Report and Recommendation. Plaintiff's case is DISMISSED pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED** on this 26th day of June, 2017.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge